IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SCOTT HOLLIS | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| U.S. FOODSERVICE, INC. and | § | |
| US FOODS, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES SCOTT HOLLIS, hereinafter referred to as Plaintiff, complaining of Defendants, U.S. FOODSERVICE, INC. and US FOODS, INC. and files this his Original Complaint and for cause of action would respectfully show the Court and jury the following:

### JURISDICTION AND VENUE

1.     The jurisdiction of this Court attaches under the provisions of 28 U.S.C. § 1332, in that the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five Thousand and No/100 Dollars ($75,000), and the parties are citizens of different states.   Plaintiff would show, as will hereinafter be alleged with particularity, that all or a part of the causes of action asserted by the Plaintiff accrued or arose in the Eastern District of Texas.

### PARTIES AND SERVICE

2.     Plaintiff is a citizen of the State of Texas and is a resident of the Eastern District of Texas.

*PLAINTIFF'S ORIGINAL COMPLAINT*

Defendant, U.S. FOODSERVICE, INC., is a foreign corporation, whose registered agent for service is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

Defendant, US FOODS, INC., is a foreign corporation, whose registered agent for service is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

## FACTS

3.     This is a proceeding for personal injury damages arising out of an incident which occurred on or about June 2, 2017 in the Eastern District of Texas.   Plaintiff would show that all times material to Plaintiff's allegations herein, he was employed by Defendant and by way of that employment worked exclusively for Defendant in the delivery of its products.   In the course of performing his work, Plaintiff was injured resulting in damages for which he seeks recovery herein.

## COUNT I:   NEGLIGENCE OF DEFENDANTS

4.     Plaintiff would show that on or about June 2, 2017, while in the course and scope of his employment for Defendant, he was injured while unloading a trailer owned by Defendant. In particular, Plaintiff would show that the trailer's ramp was unreasonably dangerous in that it was not in a good working condition which caused an unsafe working environment for Plaintiff. Furthermore, Plaintiff would show that the Defendant had overloaded the trailer which further produced a dangerous working condition.   As a result of the above and foregoing, Plaintiff has suffered the injuries and damages complained of herein.

*PLAINTIFF'S ORIGINAL COMPLAINT*

5.      At all times material to these proceedings, Plaintiff was employed by Defendant as a truck/delivery driver.  Defendant is a nonsubscriber to Workers Compensation Insurance. Accordingly, Plaintiff would show that Defendant was negligent in the following particulars:

a.      Failure to provide a safe working environment;

b.      Failure to provide safe equipment;

c.      Failure to properly inspect and repair defective equipment; and

d.      Failure to provide Plaintiff with adequate assistance in the performance of his duties.

Each of the above and foregoing acts and omissions, singularly or in combination with others, was a proximate cause of the occurrence in question and the injuries and damages complained of.

6.       Defendant was the owner of the trailer involved in the incident giving rise to this suit.  As such, Defendant had a duty to insure that such equipment was safe and suited for the purpose of its intended use.   Plaintiff would show that Defendant was negligent in the following particulars:

a.      Failure to provide and maintain proper equipment;

b.      Failure to repair equipment known to be dangerous and unsafe; and

c.      Failure to remove the defective trailer from its fleet.

d.      Failure to safely load the trailer in question.

e.      In overloading the trailer in question with excess product.

*PLAINTIFF'S ORIGINAL COMPLAINT*

Each of the above and foregoing acts and omissions, singularly or in combination with others, was a proximate cause of the occurrence in question and the injuries and damages complained of.

DAMAGES

7.      As a result of the incident described above, Plaintiff has suffered severe personal injuries causing Plaintiff to sustain permanent bodily impairment, loss of earnings, and a loss of earning capacity in the future for which he seeks recovery.  Plaintiff has experienced physical pain, physical impairment and mental anguish and will, in reasonable probability, continue to do so in the future if not for the balance of his natural life by reason of the nature and severity of his injuries and disfigurement.  Plaintiff has been caused to incur medical charges and expenses in the past and will, in reasonable probability, continue to incur medical expenses in the future for treatment of this injuries for which he seeks recovery.  As a result of the negligence of the Defendant, Plaintiff has suffered severe and disabling personal injuries.

8.      In addition to the above and foregoing, Plaintiff would show that the negligence of Defendant as described above was of such a character as to make Defendant guilty of gross negligence.  The conduct of this Defendant involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.  Moreover, Defendant engaged in the conduct with conscious indifference of the rights, safety or welfare of others, despite its awareness of the risks involved.  Accordingly, Plaintiff seeks exemplary damages in such an amount as may be found to be proper under the facts and circumstances.  Plaintiff would show that the amount to be awarded him as exemplary damages also has a value well in excess of the

minimum jurisdictional limits of this court, for which amount of exemplary damages he here and now sues.

9.    Plaintiff seeks damages in excess of the $75,000 minimum jurisdictional limit of this court for those injuries and damages set out above.

PRAYER

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer this complaint and that upon a final trial of this cause, Plaintiff recover:

1.    Actual damages in an amount that is in excess of the $75,000 minimum jurisdictional limits of this Court;

2.    Punitive damages;

3.    Prejudgment and post-judgment interest at the legal rate;

4.    Costs of court; and

5.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

WILDER & WILDER, P.C.
200 North Main
P.O. Box 1108
Henderson, Texas 75653-1108
(903) 657-0561 phone
(903) 657-5088 fax

By: **/s/Clay Wilder**
     Clay Wilder
     State Bar No. 21462500

ATTORNEY FOR PLAINTIFF,
SCOTT HOLLIS

*PLAINTIFF'S ORIGINAL COMPLAINT*